DAVID DEATON (S.B. # 205713)
ddeaton@omm.com
STEPHEN M. SULLIVAN (S.B. # 245314)
ssullivan@omm.com
CAITLIN M. BAIR (S.B. # 256994)
cbair@omm.com
DIMITRI D. PORTNOI (S.B. # 282871)
dportnoi@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, California 94111
Telephone:     (415) 984-8700
Facsimile:     (415) 984-8701

K. LEE BLALACK, II (admitted *pro hac vice*)
lblalack@omm.com
DAVID J. LEVISS (admitted *pro hac vice*)
dleviss@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone:     (202) 383-5300
Facsimile:     (202) 383-5414

*Attorneys for Defendants Kaiser Foundation
Health Plan, Inc.; Kaiser Foundation Health
Plan of Colorado; The Permanente Medical
Group, Inc.; Southern California Permanente
Medical Group; and Colorado Permanente
Medical Group, P.C.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RONDA OSINEK,<br><br>                    Plaintiff,<br><br>          v.<br><br>KAISER PERMANENTE, et al.,<br><br>                    Defendants. | Case No. 3:13-cv-03891-EMC<br><br>**NOTICE OF MOTION AND MOTION TO STAGE FED. R. CIV. P. 12 BRIEFING; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br>Hearing Date:   December 2, 2021<br>Time:           1:30 PM<br>Judge:          Hon. Edward M. Chen<br>Courtroom:      5, 17th Floor |

(CAPTION CONTINUED)

| | |
|---|---|
| 1 | UNITED STATES OF AMERICA ex rel. |
| 2 | NASER AREFI, AJITH KUMAR and PRIME HEALTHCARE SERVICES, INC., |

UNITED STATES OF AMERICA ex rel. NASER AREFI, AJITH KUMAR and PRIME HEALTHCARE SERVICES, INC.,

Plaintiff,

v.

KAISER FOUNDATION HEALTH PLAN, INC., et al.,

Defendants.

Case No. 3:16-cv-01558-EMC

**NOTICE OF MOTION AND MOTION TO STAGE FED. R. CIV. P. 12 BRIEFING; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**

Hearing Date:  December 2, 2021
Time:  1:30 PM
Judge:  Hon. Edward M. Chen
Courtroom:  5, 17th Floor

UNITED STATES OF AMERICA ex rel. MARCIA STEIN and RODOLFO BONE,

Plaintiff,

v.

KAISER FOUNDATION HEALTH PLAN, INC., et al.,

Defendants.

Case No. 3:16-cv-05337-EMC

**NOTICE OF MOTION AND MOTION TO STAGE FED. R. CIV. P. 12 BRIEFING; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**

Hearing Date:  December 2, 2021
Time:  1:30 PM
Judge:  Hon. Edward M. Chen
Courtroom:  5, 17th Floor

UNITED STATES OF AMERICA ex rel. GLORYANNE BRYANT and VICTORIA HERNANDEZ,

Plaintiff,

v.

KAISER PERMANENTE, et al,

Defendants.

Case No. 3:18-cv-01347-EMC

**NOTICE OF MOTION AND MOTION TO STAGE FED. R. CIV. P. 12 BRIEFING; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**

Hearing Date:  December 2, 2021
Time:  1:30 PM
Judge:  Hon. Edward M. Chen
Courtroom:  5, 17th Floor

(CAPTION CONTINUED)

ii

| | | |
|---|---|---|
| 1 | UNITED STATES OF AMERICA and STATE OF CALIFORNIA ex rel. MICHAEL BICOCCA, | Case No. 3:21-cv-03124-EMC |
| 2 | | **NOTICE OF MOTION AND MOTION TO STAGE FED. R. CIV. P. 12 BRIEFING; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER** |

UNITED STATES OF AMERICA and
STATE OF CALIFORNIA ex rel. MICHAEL
BICOCCA,

               Plaintiffs,

   v.

PERMANENTE MEDICAL GROUP, INC.,
et al.,

               Defendants.

Case No. 3:21-cv-03124-EMC

**NOTICE OF MOTION AND MOTION
TO STAGE FED. R. CIV. P. 12
BRIEFING; MEMORANDUM OF
POINTS AND AUTHORITIES;
[PROPOSED] ORDER**

Hearing Date:  December 2, 2021
Time:           1:30 PM
Judge:          Hon. Edward M. Chen
Courtroom:    5, 17th Floor

UNITED STATES OF AMERICA ex rel.
JAMES M. TAYLOR,

               Plaintiff,

   v.

KAISER PERMANENTE, et al.,

               Defendants.

Case No. 3:21-cv-03894-EMC

**NOTICE OF MOTION AND MOTION
TO STAGE FED. R. CIV. P. 12
BRIEFING; MEMORANDUM OF
POINTS AND AUTHORITIES;
[PROPOSED] ORDER**

Hearing Date:  December 2, 2021
Time:           1:30 PM
Judge:          Hon. Edward M. Chen
Courtroom:    5, 17th Floor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 2, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard, Defendants Kaiser Foundation Health Plan, Inc.; Kaiser Foundation Health Plan of Colorado; The Permanente Medical Group, Inc.; Southern California Permanente Medical Group; and Colorado Permanente Medical Group, P.C. (collectively, "Defendants") will and hereby move the Court to allow Defendants to file staged motions to dismiss under Rule 12 of the Federal Rules of Civil Procedure ("Rules").  Specifically, on January 18, 2022, Defendants intend to file a motion to dismiss against all Relator complaints except *Osinek* (the "Later-Filed Complaints") pursuant to the False Claims Act's first-to-file bar, 31 U.S.C. § 3730(b). Defendants hereby request leave to file any other motions under Rule 12(b) against these Later-Filed Complaints within thirty days of a ruling on the first-to-file motion, rather than simultaneously with that motion.

This Motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, any reply memorandum, evidence and argument of counsel submitted at the hearing, and such other matters as the Court may consider.

Dated:  October 22, 2021                         Respectfully submitted,


By:    /s/ K. Lee Blalack, II
       K. LEE BLALACK, II
       DAVID DEATON
       DAVID J. LEVISS
       STEPHEN M. SULLIVAN
       CAITLIN M. BAIR
       DIMITRI D. PORTNOI

       *Attorneys for Defendants Kaiser*
       *Foundation Health Plan, Inc.; Kaiser*
       *Foundation Health Plan of Colorado;*
       *The Permanente Medical Group, Inc.;*
       *Southern California Permanente*
       *Medical Group; and Colorado*
       *Permanente Medical Group, P.C.*

MOTION TO STAGE RULE 12 BRIEFING
CASE NO. 3:13-CV-03891-EMC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Beginning with Ronda Osinek's 2013 complaint, the Relators in this consolidated matter have filed six *qui tam* actions in the last eight years, totaling over 300 pages of allegations. At bottom, however, these successive complaints all allege the same fundamental scheme to defraud—that Defendants[1] engaged in upcoding techniques to generate fraudulent high-value diagnosis codes so that they would receive increased reimbursement from the Government for providing health care coverage to Medicare Advantage members. Congress incorporated a statutory mechanism into the False Claims Act ("FCA") intended to exclude multiple would-be relators from filing repetitive lawsuits alleging the same underlying scheme: the first-to-file bar. This bar provides that once a relator brings a *qui tam* action, "no person other than the Government may intervene or bring any related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). Defendants here intend to move to dismiss each complaint filed after *Osinek* (the "Later-Filed Complaints") in whole or in part based on the first-to-file bar. It would promote efficiency and conserve judicial resources to permit the parties to brief this threshold issue first, which may result in the dismissal of one or more complaints, followed by subsequent Rule 12(b) briefing on any other issues that remain.[2]

Currently, Defendants must respond to all complaints by January 18, 2022, and this Motion does not seek an extension of that deadline for their initial motion to dismiss on first-to-file grounds, nor for any motion relating to the DOJ's complaint-in-intervention or the *Osinek* complaint. Instead, Defendants submit that staged Rule 12 briefing on the Later-Filed Complaints would be most efficient here. Ordinarily, a defendant must bring all Rule 12(b) arguments together in a single motion. But this Court has discretion to allow multiple Rule 12(b)

---

[1] "Defendants" are Kaiser Foundation Health Plan, Inc.; Kaiser Foundation Health Plan of Colorado; The Permanente Medical Group, Inc.; Southern California Permanente Medical Group; and Colorado Permanente Medical Group, P.C.

[2] Relators have until November 15, 2021 to file amended complaints. *See* Dkt. No. 104 at 10. Because Defendants anticipate that Relators will amend their unsealed complaints, Defendants cannot yet know what Rule 12(b) arguments they may raise to dismiss the amended *qui tam* complaints.

1    motions against a single complaint.  Defendants propose that they first move to dismiss the Later-

2    Filed Complaints under the first-to-file bar.  After the Court has ruled on that motion, Defendants

3    would then file any additional Rule 12(b) motions against the Later-Filed Complaints if

4    Defendants believe any such motions are warranted.

5            This staged briefing schedule will benefit the parties and the Court.  The first-to-file

6    motion has the potential to eliminate some complaints in their entirety.  It could be a waste of the

7    parties' resources and the Court's time for the parties to brief all dismissal arguments now—

8    which could involve hundreds of pages of briefing—when the Court's ruling on a first-to-file

9    motion may render much of that briefing unnecessary.  Accordingly, Defendants respectfully

10   request that the Court exercise its discretion and permit staged Rule 12 briefing, allowing

11   Defendants to file any remaining Rule 12(b) motions against the Later-Filed Complaints after the

12   Court rules on Defendants' first-to-file motion.

13   **II.    BACKGROUND**

14           There are six pending *qui tam* complaints in this matter.[3]  In large part, they allege the

15   same general scheme to defraud the United States that purportedly has occurred from the mid-

16   2000s to present:

17           ***Osinek* (2013).**  In her original complaint, Relator Ronda Osinek alleged that "Kaiser

18   Permanente" submitted false diagnosis data to the Centers for Medicare & Medicaid Services

19   ("CMS") as part of the Medicare Advantage program.  Dkt. No. 1 ¶ 25.[4]  Unlike traditional

20   Medicare, which compensates providers directly based on the services provided to Medicare

21   members, under Medicare Advantage, private insurers cover the cost of members' health care

---

[3] *See United States ex rel. Osinek v. Kaiser Permanente*, No. 3:13-cv-03891-EMC (N.D. Cal.);
*United States ex rel. Arefi v. Kaiser Foundation Health Plan, Inc.*, No. 3:16-cv-01558-EMC
(N.D. Cal.); *United States ex rel. Stein v. Kaiser Foundation Health Plan, Inc.*, No. 3:16-cv-
05337-EMC (N.D. Cal.); *United States ex rel. Bryant v. Kaiser Permanente*, No. 3:18-cv-01347-
EMC (N.D. Cal.); *United States ex rel. Bicocca v. Permanente Medical Group, Inc.*, No. 3:21-cv-
03124-EMC (N.D. Cal.); and *United States ex rel. Taylor v. Kaiser Permanente*, No. 3:21-cv-
03894-EMC (N.D. Cal.)

[4] Unless otherwise indicated, all docket references are to the docket in *United States ex rel.
Osinek v. Kaiser Permanente*, No. 3:13-cv-03891-EMC (N.D. Cal.), under which all complaints
have been consolidated.  References to dockets in the other consolidated cases are indicated by
case name.

2

1   services and CMS compensates those insurers prospectively for the anticipated expense of caring

2   for the members based on a number of demographic and health factors, including the members'

3   individual diagnoses. *Id.* ¶¶ 18–20.  To ensure parity of cost between the two programs, CMS

4   provides Medicare Advantage insurers with more compensation to care for sicker members with

5   more severe conditions than for healthier members who suffer from fewer conditions. *Id.*

6          Relator Osinek broadly alleged that Kaiser Permanente "upcoded" members' diagnoses by

7   diagnosing them with conditions they did not have and with more severe, higher-reimbursing

8   conditions than their symptoms warranted. *Id.* ¶¶ 22–42.  She describes a number of methods

9   allegedly used to perpetrate this scheme, including the use of "data mining" algorithms to identify

10  high-value conditions in patient medical records, provision of physician incentives to upcode, and

11  guidance that instructed providers to avoid lower-value diagnoses. *Id.* ¶¶ 26, 27, 30, 33.  Osinek

12  points to over a dozen high-value conditions that she alleges Kaiser Permanente encouraged

13  providers to "upcode" by assigning diagnoses to members who did not have them, including

14  malnutrition, cancer, and certain respiratory conditions. *Id.* ¶¶ 25, 37.

15         ***Taylor*** **(2014)**.  After Osinek had filed her complaint, Relator James Taylor alleged that

16  the defendants named in his complaint defrauded the Medicare Advantage program by

17  "upcoding" diagnoses. *Taylor* Dkt. No. 1 ¶¶ 61, 101.  His complaint identifies diagnoses

18  allegedly targeted for upcoding, such as malnutrition and cancer, and describes specific

19  techniques used to perpetrate the alleged fraud, such as the use of algorithms to identify diagnoses

20  in patient medical records. *Id.* ¶¶ 102, 131, 139, 151, 191, 197.

21         ***Arefi*** **(2015)**.  Similar to Osinek and Taylor before them, Relators Naser Arefi, Ajith

22  Kumar, and Prime Healthcare Services, Inc. accuse the defendants named in their complaint of

23  defrauding CMS by submitting upcoded and false diagnoses.  They allege that "the Kaiser

24  Defendants devised and implemented an elaborate scheme to defraud the Medicare program by

25  reporting false ICD-9-CM diagnoses to CMS for Medicare Advantage plan enrollees." *Arefi* Dkt.

26  No. 1 ¶ 42.  The *Arefi* complaint identifies specific conditions including cancer, malnutrition, and

27  respiratory conditions—all referenced in *Osinek*—that were allegedly targeted for upcoding

28  efforts. *Id.* ¶¶ 3, 46, 79, 86.  And it claims that the defendants implemented the scheme through

MOTION TO STAGE RULE 12 BRIEFING
CASE NO. 3:13-CV-03891-EMC

1   methods such as "steer[ing]" physicians to high-value diagnoses, incentivizing physicians to

2   document more diagnoses that could lead to reimbursement, and data mining for such diagnoses

3   in patient medical records.  *Id.* ¶¶ 43–46, 77.

4       *Stein* **(2016).**  Relators Marcia Stein and Rodolfo Bone likewise describe "a fraudulent

5   scheme to up-code and falsely diagnose MA enrollees."  *Stein* Dkt. No. 1 ¶ 50.  Like *Osinek*,

6   *Taylor*, and *Arefi*, the *Stein* complaint focuses on alleged upcoding techniques, such as reviewing

7   medical records to identify "missing" high-value conditions, and specific conditions, including

8   malnutrition, that were allegedly targeted.  *Id.* ¶¶ 70, 73, 83, 84, 95–100.

9       *Bryant* **(2018).**  Relators Gloryanne Bryant and Victoria Hernandez also allege a broad

10   upcoding scheme: "Defendants 'upcode' risk adjustment claims by manipulating the

11   documentation and submitting claims and codes to the Medicare Advantage program for

12   diagnoses that the member does not have . . . or by claiming that a member was treated for a more

13   serious condition than the member actually has . . . ."  *Bryant* Dkt. No. 1 ¶ 11.  They too describe

14   techniques allegedly created to perpetrate this fraud and specific conditions targeted, including

15   malnutrition and respiratory conditions.  *Id.* ¶¶ 89, 111.

16       *Bicocca* **(2020).**  Finally, Relator Michael Bicocca alleges in the most recently filed *qui*

17   *tam* complaint that some of the Defendants trained physicians to upcode by "certify[ing] that they

18   have managed their patients' chronic conditions, even though they have not managed the chronic

19   condition . . . ."  *Bicocca* Dkt. No. 1 ¶ 2.  Like Osinek and the other Relators, he describes, among

20   other things, pressure put on physicians to diagnose particular chronic conditions, including

21   cancer.  *Id.* ¶¶ 89, 103, 104.

22       On June 25, 2021, this Court consolidated all six *qui tam* actions at the United States'

23   request, with no opposition from Relators and without an opportunity for Defendants to be heard.

24   Dkt. No. 61.  The order explained: "The six actions each allege that Kaiser submitted claims to

25   the Medicare Advantage Program . . . for risk-adjustment payments for diagnoses that its patients

26   did not actually have and/or that were not actually addressed by the treating physician during a

27   patient encounter as required by Medicare billing rules."  *Id.* at 2.

28       The United States partially intervened in all six *qui tam* actions on July 27, 2021.  Dkt.

1   No. 64.  The Government's intervention applies to "allegations that [Defendants] submitted, or

2   caused to be submitted, false claims for risk-adjustment payments based on diagnoses improperly

3   added via addenda under Medicare Part C from the years 2009 until present." *Id.* at 4.  All other

4   claims alleged by Relators in the six *qui tam* actions remain active.  The United States will file its

5   complaint-in-intervention by October 25, 2021, and Relators will file any amended complaints by

6   November 15, 2021.  Dkt. No. 104 at 10.  If all the Relators proceed with their claims, there will

7   be seven active complaints pending in this matter alleging similar schemes to defraud the

8   Medicare Advantage program.  This Court's scheduling order requires Defendants to respond to

9   all complaints by January 18, 2022.  *Id.*

10  **III.     THE COURT HAS DISCRETION TO PERMIT STAGED RULE 12 BRIEFING**

11          Rule 12(g) requires a defendant to raise all Rule 12 arguments in their first responsive

12  motion except as provided in Rule 12(h).  Fed. R. Civ. P. 12(g).  Rule 12(h) in turn provides that

13  a defendant does not waive a failure-to-state-a-claim argument if it is not brought in the first

14  responsive pleading and may raise the defense later in either a Rule 12(c) motion for judgment on

15  the pleadings or at trial.  Fed. R. Civ. P. 12(h).

16          While these Rules do not expressly address the circumstances that might allow for

17  successive Rule 12(b) motions, the Ninth Circuit has recognized that "'courts faced with a

18  successive [Rule 12] motion often exercise their discretion to consider the new arguments in the

19  interest of judicial economy.'"  *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 319 (9th Cir.

20  2017) (quoting *Banko v. Apple, Inc.*, 2013 WL 6623913, at *2 (N.D. Cal. Dec. 16, 2013)).

21  Exercising such discretion in appropriate circumstances accords with "the direction of Rule 1"

22  that the Federal Rules be used "'to secure the just, speedy, and inexpensive determination of

23  every action and proceeding.'"  *Id.* (quoting Rule 1).  Indeed, this Court has elected to hear

24  successive Rule 12(b) motions before, observing that "judicial economy favor[ed] resolution of [a

25  defendant's] motion because [the defendant] would be able to renew the same arguments

26  presented . . . in a Rule 12(c) motion for judgment on the pleadings after filing an answer."  *Artec*

27  *Grp., Inc. v. Klimov*, 2016 WL 8223346, at *1 n.2 (N.D. Cal. Dec. 22, 2016) (Chen, J.); *see also*

28  *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 2011 WL 2690437, at *2 (N.D. Cal. July 8,

1    2011) (considering successive Rule 12 motion "in the interests of judicial economy"); *Doe v.*

2    *White*, 2010 WL 323510, at *2 (C.D. Ill. Jan. 20, 2010) (noting the "substantial amount of case

3    law which provides that successive Rule 12(b)(6) motions may be considered where they have

4    not been filed for the purpose of delay, where entertaining the motion would expedite the case,

5    and where the motion would narrow the issues involved").

6    **IV.    THE COURT SHOULD PERMIT STAGED RULE 12 BRIEFING HERE**

7            In the interests of judicial economy, this Court should exercise its discretion to permit

8    Defendants to file successive Rule 12(b) motions against the Later-Filed Complaints prior to

9    answering those complaints.

10           Currently, ten Relators have six active *qui tam* complaints alleging the same general

11   scheme to defraud, which will soon be supplemented by the complaint-in-intervention from the

12   United States.  The FCA limits repetitive suits by relators and provides that when a person brings

13   a *qui tam* action, "no person other than the Government may intervene or bring a related action

14   based on the facts underlying the pending action."  31 U.S.C. § 3730(b)(5).  This first-to-file

15   provision prevents relators from filing any *qui tam* action that "alleg[es] the same material

16   elements of fraud" as an earlier *qui tam* suit, even if the allegations "incorporate somewhat

17   different details."  *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1889 (9th

18   Cir. 2001).  Given the similarities among the six *qui tam* complaints, Defendants plan to move to

19   dismiss in whole or in part each of the Later-Filed Complaints as impermissible under the first-to-

20   file bar.  Defendants also expect to move to dismiss several complaints in whole or in part on

21   other grounds specified in Rule 12(b), following Relators' filing of their amended complaints.

22           Rather than requiring the parties to brief all grounds for dismissal at once, Defendants

23   request the Court's permission to stage dismissal briefing as follows: First, Defendants would file

24   (1) their first-to-file motion against the Later-Filed Complaints, (2) a response to the United

25   States' complaint-in-intervention, and (3) a response to the *Osinek qui tam* amended complaint.

26   Defendants would file all three documents in this first stage of briefing by January 18, 2022, the

27   current deadline for Defendants to file their responses to all complaints.  Dkt. No. 104 at 10.

28   Second, within thirty days of the Court's decision on the first-to-file motion, Defendants would

1   file any motions to dismiss on other Rule 12(b) grounds against any Later-Filed Complaints that

2   survive the first-to-file briefing.

3   　　　　Such a staged briefing process would permit the parties a more orderly and efficient way

4   to brief the dismissal arguments and would offer the Court the most efficient way to resolve these

5   potentially dispositive issues.  If the Court ultimately grants Defendants' argument and dismisses

6   any of the Later-Filed Complaints in entirety under the first-to-file bar, such dismissals will moot

7   other Rule 12 arguments.  Given the number of complaints that may be barred, a staged briefing

8   process could save significant judicial resources.  And if Defendants' first-to-file motion is denied

9   in full, the parties' subsequent briefing will be limited to Defendants' remaining dismissal

10  arguments, so a staged briefing process likely will not impose additional burdens on the Court

11  than consolidated dismissal briefing would.  Additionally, staging the motions to dismiss will not

12  slow down the litigation in any meaningful way.  The parties have agreed to a case management

13  conference in February 2022 with a Rule 26(f) conference in January, so discovery will be well

14  under way while these motions are being briefed.  *See id.*

15  　　　　Defendants respectfully submit that this Court should exercise its discretion to hear

16  successive Rule 12(b) motions in the interests of judicial economy.  The Rules allow Defendants

17  to execute a similarly staged approach on their own by filing a first-to-file motion under Rule

18  12(b), answering any remaining *qui tam* complaints, and then moving for judgment on the

19  pleadings under Rule 12(c).  *See* Fed. R. Civ. P. 12(h).  But such a process would be

20  unnecessarily burdensome and time-consuming for both the parties and the Court.  Conversely,

21  allowing a staged briefing process permits the parties and the Court to resolve more quickly and

22  efficiently Defendants' first-to-file and other Rule 12 arguments.

23  **V.      CONCLUSION**

24  　　　　For the foregoing reasons, the Court should grant Defendants' Motion and permit staged

25  Rule 12 briefing on the Later-Filed Complaints as requested herein.

26

27

28

MOTION TO STAGE RULE 12 BRIEFING
CASE NO. 3:13-CV-03891-EMC

1    Dated:  October 22, 2021                    Respectfully submitted,

2

3                                               By:    /s/  K. Lee Blalack, II

4                                                      K. LEE BLALACK, II
                                                       DAVID DEATON
5                                                      DAVID J. LEVISS
                                                       STEPHEN M. SULLIVAN
6                                                      CAITLIN M. BAIR
                                                       DIMITRI D. PORTNOI
7

8                                                      *Attorneys for Defendants Kaiser*
                                                       *Foundation Health Plan, Inc.; Kaiser*
9                                                      *Foundation Health Plan of Colorado;*
                                                       *The Permanente Medical Group, Inc.;*
10                                                     *Southern California Permanente*
                                                       *Medical Group; and Colorado*
11                                                     *Permanente Medical Group, P.C.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO STAGE RULE 12 BRIEFING
CASE NO. 3:13-CV-03891-EMC

1

**[PROPOSED] ORDER**

2      With good cause shown, Defendants' Motion to Stage Fed. R. Civ. P. 12 Briefing is

3  GRANTED.  Defendants shall file (1) their motion to dismiss the *Taylor*, *Arefi*, *Stein*, *Bryant*, and

4  *Bicocca* complaints pursuant to the False Claims Act's first-to-file rule, 31 U.S.C. § 3730(b)(5);

5  (2) a response to the United States' complaint-in-intervention; and (3) a response to the *Osinek*

6  *qui tam* amended complaint by January 18, 2022.  Any other motions under Rule 12(b) against

7  the *Taylor*, *Arefi*, *Stein*, *Bryant*, and *Bicocca* complaints shall be filed within thirty days of a

8  ruling on the first-to-file motion.

9

10  **IT IS SO ORDERED.**

11

12   DATED:                                    _____

13                                             HONORABLE EDWARD M. CHEN
                                              UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO STAGE RULE 12 BRIEFING
CASE NO. 3:13-CV-03891-EMC