FILED

JAN 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCIA STEIN; et al., <br><br>    Plaintiffs-Appellants, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br><br> v. <br><br> KAISER FOUNDATION HEALTH PLAN, INC., a California corporation; et al., <br><br>    Defendants-Appellees. | No.   22-15862 <br><br> D.C. Nos.   3:16-cv-05337-EMC <br>         3:13-cv-03891-EMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted September 15, 2023
San Francisco, California

Before: BOGGS,[**] S.R. THOMAS, and FORREST, Circuit Judges.
Concurrence by Judge FORREST.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiffs Marcia Stein and Rodolfo Bone (Relators) appeal the district court's dismissal of their False Claims Act (FCA) suit as barred by that statute's first-to-file rule. 31 U.S.C. § 3730(b)(5). We have jurisdiction under 28 U.S.C. § 1291, and we affirm because the district court correctly concluded that under *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015) (en banc), the first-to-file rule is jurisdictional and bars this case.

The parties are familiar with the factual and procedural history of the case; we do not recount it here.

1. **Subject-Matter Jurisdiction.** We review subject-matter jurisdiction issues de novo. *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1184 (9th Cir. 2022). We are bound by *Hartpence*'s holding that "[w]e treat the first-to-file bar as jurisdictional." 792 F.3d at 1130. Although we recognize the friction between *Hartpence* and the Supreme Court's clear-statement requirement—*see, e.g.*, *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013); *Gonzalez v. Thaler*, 565 U.S. 134, 141–42 (2012)—there is no "intervening higher authority" that is "clearly irreconcilable with" *Hartpence*. *Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003) (en banc), *overruled on other grounds by Sanchez v. Mayorkas*, 141 S. Ct. 1809 (2021). Rather, post-*Hartpence* the Supreme Court has merely emphasized the need to follow the previously established clear-statement requirement. *See, e.g.*, *Santos-Zacaria v. Garland*, 598 U.S. 411, 416–17 (2023);

*Wilkins v. United States*, 598 U.S. 152, 155–59 (2023). These cases undoubtedly pose "some tension" with *Hartpence*, but they do not "change the state of the law" in a way that would satisfy this court's "clearly irreconcilable" standard. *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012) (citations omitted).[1]

2. **"Related" Actions.** An analysis of the first-to-file bar requires comparing the complaints at issue to determine whether the later-filed complaint is "related" to the earlier-filed one. 31 U.S.C. § 3730; *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1188–89 (9th Cir. 2001); *see also Hartpence*, 792 F.3d at 1130–32. We review the district court's interpretation of the FCA de novo. *Hartpence*, 792 F.3d at 1126, 1130. Here, the district court concluded that the relevant complaints for comparison were Relators' initial complaint and the complaints pending in the potentially related actions when Relators' initial complaint was filed.[2] *Hartpence* suggests that the district court should have considered all pending amended complaints, *i.e.* all operative complaints at the time of the first-to-file analysis. *See Hartpence*, 792 F.3d at 1125 & n.2 ("For purposes of determining jurisdiction, we look to the allegations in the amended complaints.").

---

[1] We decline to sua sponte call for en banc review in this case, particularly where there is no intra-circuit conflict. *See Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1478–79 (9th Cir. 1987) (en banc)); *see also* Fed. R. App. P. 35(a); *United States v. Wylie*, 625 F.2d 1371, 1378 n.10 (9th Cir. 1980).

[2] This meant considering the original complaints in *Osinek* and *Arefi*, but the amended complaint in *Taylor*.

3

Without deciding whether the district court erred in selecting the proper comparators in applying the first-to-file bar, we conclude any error would be harmless because the district court considered in the alternative the allegations Relators added in their amended complaint. Moreover, although the relators in *Osinek* and *Taylor* amended their complaints between when the Relators here filed their complaint and when Kaiser moved to dismiss this action, there were no material differences in the amended *Osinek* and *Taylor* complaints.

The "material facts test" determines whether an action is related and bars "later-filed actions alleging the same elements of fraud described in an earlier suit." *Lujan*, 243 F.3d at 1188–89. The district court held that Relators' complaint was barred under the material facts test because their complaint alleged lesser-included conduct that fell within the broad schemes alleged in *Osinek* and *Taylor*. The district court explained that it would reach the same result even considering the aortic-atherosclerosis-related allegations in Relators' amended complaint. Reviewing de novo, we agree. *Hartpence*, 792 F.3d at 1126, 1130.

Relators' action does not exist "completely independent" of the fraudulent schemes alleged in *Osinek*, *Taylor*, and *Arefi*. *Hartpence*, 792 F.3d at 1131. Rather, this action relates to fraud that is included *within* the broad schemes alleged in those earlier actions. It is true that the relators in *Osinek*, *Taylor*, and *Arefi* alleged more general conduct impacting diagnoses that were "*among*" those in the upcoming

4

scheme, and here Relators' allegations focus specifically on why Kaiser's sepsis, malnutrition, and aortic-atherosclerosis diagnoses were unsupported. *Lujan*, 243 F.3d at 1185–86 (emphasis added) (citation omitted). But the difference is the Relators here simply provide more details about a few diagnoses "*within* the" overall upcoding scheme alleged in the prior actions. *Id.* (emphasis added) (citation omitted). Therefore, the first-to-file rule bars the Relators' complaint because the allegations in *Osinek*, *Taylor*, and *Arefi* "alerted the government to the essential facts of [the] fraudulent scheme." *Id.* at 1188.

  3. **Denial of Leave to Amend.** We review the denial of leave to amend for abuse of discretion but review the futility of amendment de novo. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016). Even if the district court erred in concluding that amendment would be futile because the proper comparator was the Relators' initial complaint, which we do not decide, the district court nonetheless did not abuse its discretion. Dismissal without leave to amend was appropriate because Relators made no showing below—nor on appeal—that any amendment could cure their first-to-file deficiency. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008).

  **AFFIRMED**.

FILED

JAN 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Marcia Stein v. Kaiser Foundation Health Plan*, No. 22-15862
Forrest, J., concurring in the judgment:

I join the majority in applying *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015) (en banc), because it is controlling precedent. I write separately because *Hartpence* is inconsistent with current Supreme Court doctrine, and it should be overruled by our en banc court at an appropriate time.

The Supreme Court has cautioned against the "profligate use of the term 'jurisdiction,'" and it has instructed that rules are non-jurisdictional absent a "clear statement" from Congress otherwise. *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013). Indeed, the Court repeatedly has emphasized this point in recent years, instructing that a rule is jurisdictional "only if Congress 'clearly states' that it is." *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) (quoting *Boechler, P.C. v. Comm'r*, 596 U.S. 199, 203 (2022)); *see also id.* at 414–19 (holding that 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional); *Wilkins v. United States*, 598 U.S. 152, 156–59 (2023) (explaining the Court's "clear statement" requirement and holding that 28 U.S.C. § 2409a(g)'s twelve-year time bar is a non-jurisdictional claims processing rule); *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 297–301 (2023) (discussing how the Court has sought "to bring some discipline" given the "sometimes-loose use of the word 'jurisdiction'" and holding that 11 U.S.C. § 363(m) is not jurisdictional (citation omitted)).

1

The False Claims Act's (FCA) first-to-file bar lacks a "clear statement" establishing that it is jurisdictional. This rule—which falls under a section titled "Civil actions for false claims"—states: "When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). This text speaks to *who* may bring an action and *when*. It says nothing about the court's "adjudicatory authority." *Santos-Zacaria*, 598 U.S. at 421. Nor does it include any other textual clue that points to jurisdiction.

As some of our sister circuits have noted, "[t]his is in sharp contrast to other provisions of the FCA that *do* explicitly invoke the jurisdiction of the district courts." *U.S. ex rel. Hayes v. Allstate Ins. Co.*, 853 F.3d 80, 86 (2d Cir. 2017); *see also U.S. ex rel. Heath v. AT&T, Inc.*, 791 F.3d 112, 120 (D.C. Cir. 2015) ("The statutory structure confirms what the plain text indicates. When Congress wanted limitations on [FCA] suits to operate with jurisdictional force, it said so explicitly.") For example, § 3732—titled "False claims jurisdiction"—identifies which judicial districts have jurisdiction over specific FCA actions and contains a provision authorizing supplemental jurisdiction of state claims.

A further indication that the first-to-file bar is non-jurisdictional is that other provisions within § 3730 expressly address jurisdiction. *Compare* § 3730(e) (titled "Certain Actions Barred" and setting out different contexts in which "[n]o court shall

have jurisdiction over an action brought under subsection (b)" of § 3730), *with* § 3730(b) (first-to-file bar subsection lacking jurisdictional language). These subsections "were added at the same time," *In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*, 974 F.3d 228, 232 (3d Cir. 2020), and demonstrate that Congress "knew how to reference 'jurisdiction expressly'" in the FCA where it had a jurisdictional purpose, *Heath*, 791 F.3d at 121–22. "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally." *Kucana v. Holder*, 558 U.S. 233, 249 (2010) (alteration omitted).

There is a circuit split on this issue, but the circuits holding that the first-to-file bar is jurisdictional have not engaged in any analysis. *See Hartpence*, 792 F.3d at 1130 (summarily stating that "[w]e treat the first-to-file bar as jurisdictional"); *U.S. ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 203 (4th Cir. 2017) (similar); *U.S. ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 376 (5th Cir. 2009) (similar); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 (10th Cir. 2004) (similar). The circuits that *have* analyzed the clear-statement requirement have determined that the bar is not jurisdictional. *See, e.g.*, *Heath*, 791 F.3d at 119–21; *Hayes*, 853 F.3d at 85–86; *In re Plavix*, 974 F.3d at 232. The Sixth and First Circuits were initially among the courts that held the bar was jurisdictional without any analysis, but then reversed course. *See U.S. ex rel. Bryant v. Cmty. Health Sys., Inc.*,

3

24 F.4th 1024, 1036 (6th Cir. 2022); *United States v. Millenium Lab'ys, Inc.*, 923 F.3d 240, 248–51 (1st Cir. 2019). Both of these circuits held that the Supreme Court's decision in *Kellogg Brown & Root Services, Inc. v. U.S. ex rel. Carter*, 575 U.S. 650 (2015), cast doubt on their prior cases holding the bar was jurisdictional because *Carter* addressed a first-to-file issue after deciding a non-jurisdictional statute of limitations issue, therefore "address[ing] . . . the first-to-file bar on decidedly nonjurisdictional terms." *Millenium Labys*, 923 F.3d at 249 (internal quotation marks and citation omitted); *see also Bryant*, 24 F.4th at 1036.

    For these reasons, our en banc court should take the opportunity to bring our precedent regarding the FCA's first-to-file bar in line with the Supreme Court's repeated instruction not to make rules jurisdictional absent clear direction from Congress.