UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDA OSINEK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PERMANENTE MEDICAL GROUP, INC, et al.,<br><br>    Defendants. | Case No. 13-cv-03891-EMC (JCS)<br><br>**ORDER RE JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 339 |

The parties have submitted a joint discovery letter related to the production of medical records in response to Plaintiff's Fourth Request for Production seeking original progress notes for 2,322 patient encounters ("Joint Discovery Letter"). A hearing on the Joint Discovery Letter was held on August 1, 2024. Having considered the positions of the parties set forth in the Joint Discovery Letter and at the hearing, the Court orders as follows.

The parties shall engage in a four-step process with respect to the requested materials.

- **Step One**: For all progress notes for patient encounters for which (1) there are any additions, amendments or changes to the original progress note *and* (2) it is not apparent from the face of the document what part of the document is an addition, amendment or change and what part of the document is the original progress note, Defendants shall produce a stand-alone document that contains only the original progress notes. Alternatively, Defendants may identify the original progress notes by Bates number where a stand-alone document containing only the original progress notes was already produced. Defendants shall complete this process and provide to Plaintiff a confirmation that stand-alone documents for each of the original progress notes in this category have been produced no later than **August**

**15, 2024**.

- **Step Two:** For all progress notes as to which Defendants did not produce a stand-alone record or provide Bates numbers under Step One, Plaintiff shall identify the portions of those notes that it believes to be original progress notes. Plaintiff shall also identify the progress notes (other than those produced or identified in Step One, above) as to which it is unable to discern from the face of the document whether it contains only an original progress note or includes additions, amendments or changes. Plaintiff shall communicate this information to Defendants by **October 15, 2024.**

- **Step Three**: As to each of Plaintiff's Step Two designations of the portions of progress notes that Plaintiff believes are the original progress notes, Defendants shall, no later than **November 15, 2024**, either stipulate that they are correct or produce stand-alone documents containing only the original progress notes if Defendants do not agree with Plaintiff's designations.

- **Step Four**: As to the documents identified by Plaintiff as ones where it cannot discern whether the document contains only an original progress note, the parties shall meet and confer and resolve those disputes no later than **December 4, 2024.** By the same date, the parties shall meet and confer and resolve any other disputes that have arisen in the course of the process outlined above.

**IT IS SO ORDERED.**

Dated: August 1, 2024

_____
JOSEPH C. SPERO
United States Magistrate Judge

2