**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCIA STEIN; et al., <br><br>    Plaintiffs-Appellants, <br> and <br><br> UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br> v. <br><br> KAISER FOUNDATION HEALTH PLAN, INC., a California corporation; et al., <br><br>    Defendants-Appellees. | No. 22-15862 <br><br> D.C. Nos. 3:16-cv-05337-EMC <br>      3:13-cv-03891-EMC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted November 8, 2024**
San Francisco, California

Before: BOGGS,*** S.R. THOMAS, and FORREST, Circuit Judges.

---

 \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 \*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

The en banc court remanded this case after holding that the False Claims Act's (FCA) first-to-file rule is not jurisdictional. *Stein v. Kaiser Found. Health Plan*, 115 F.4th 1244, 1247 (9th Cir. 2024). Given this decision, the district court's dismissal under the first-to-file rule *for lack of jurisdiction* cannot stand. But that does not mean the district court erred in dismissing this case. Consistent with our prior disposition, which addressed the district court's analysis of the relation of this action filed by Plaintiffs Marcia Stein and Rodolfo Bone (Relators) to the earlier-filed actions at issue, we conclude that the district court did not err in determining that the first-to-file rule bars this action, and we affirm.

1. ***"Related" Actions.*** An analysis of the first-to-file bar requires comparing the complaints at issue to those in relevant prior actions to determine whether the later-filed action is "related" to the earlier-filed action(s). 31 U.S.C. § 3730; *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1188–89 (9th Cir. 2001); *see also U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1130–32 (9th Cir. 2015), *overruled on other grounds by Stein v. Kaiser Found. Health Plan, Inc.*, 115 F.4th 1244 (9th Cir. 2024). We review the district court's interpretation of the FCA de novo. *Hartpence*, 792 F.3d at 1126, 1130. Here, the district court concluded that the relevant complaints for comparison were Relators' initial complaint filed in this case and the complaints that were pending in the

potentially related actions when Relators' initial complaint was filed.[1] Relators suggest this was the wrong comparison and that the district court should have instead considered the operative complaints in both this action and the earlier-filed actions at the time it analyzed the first-to-file bar.

Without deciding whether the district court erred in selecting the proper comparators in applying the first-to-file bar, we conclude that any error was harmless because the district court considered in the alternative the allegations that Relators added in their amended complaint, which was the operative pleading at the time of the district court's analysis. *See U.S. ex rel. Osinek v. Permanente Med. Grp., Inc.*, 601 F. Supp. 3d 536, 570 n.16 (N.D. Cal. 2022). Moreover, although the plaintiffs in *Osinek* and *Taylor* amended their complaints between when the Relators filed their complaint and Kaiser filed its motion to dismiss, there were no material differences in the amended *Osinek* and *Taylor* complaints.

The "material facts" test determines whether an action is related and bars "later-filed actions alleging the same material elements of fraud described in an earlier suit." *Lujan*, 243 F.3d at 1188–89. The district court held that Relators' complaint was barred under the material-facts test because their complaint alleged lesser-included conduct that fell within the broad schemes alleged in *Osinek* and

---

[1] This meant considering the original complaints in *Osinek* and *Arefi*, but the amended complaint in *Taylor*.

*Taylor*. The district court explained that it would reach the same result even considering the aortic-atherosclerosis-related allegations in Relators' amended complaint. *Osinek*, 601 F. Supp. 3d at 570 n.16. Reviewing de novo, we agree. *Hartpence*, 792 F.3d at 1126, 1130.

Relators' action does not exist "completely independent" of the fraudulent schemes alleged in *Osinek*, *Taylor*, and *Arefi*. *Id.* at 1131. Rather, this action relates to fraud that is included *within* the broad schemes alleged in those earlier actions. It is true that the relators in *Osinek*, *Taylor*, and *Arefi* alleged more general conduct impacting diagnoses that were "*among*" those in the upcoding scheme, and here Relators' allegations focus specifically on why Kaiser's sepsis, malnutrition, and aortic-atherosclerosis diagnoses were unsupported. *Lujan*, 243 F.3d at 1185–86 (emphasis added) (citation omitted). But the difference is the Relators here simply provide more details about a few diagnoses "*within* the" overall upcoding scheme alleged in the prior actions. *Id.* (emphasis added) (citation omitted). Therefore, the first-to-file rule bars the Relators' complaint because the allegations in *Osinek*, *Taylor*, and *Arefi* "alerted the government to the essential facts of [the] fraudulent scheme." *Id.* at 1188.

2.  **Denial of Leave to Amend.** We review the denial of leave to amend for abuse of discretion but review the futility of amendment de novo. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016). Even if the district

5

court erred in concluding that amendment would be futile because the proper comparator was the Relators' initial complaint, which we do not decide, the district court nonetheless did not abuse its discretion. Dismissal without leave to amend was appropriate because Relators made no showing below—nor on appeal—that any amendment could cure their first-to-file deficiency. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008).

    **AFFIRMED**.