1 | JEREMY L. FRIEDMAN, CA Bar No. 142659
ATTORNEY AT LAW
2801 Sylhowe Road
Oakland, CA 94602
Tel: (510) 530-9060
Fax: (510) 530-9087
Email: jlfried@comcast.net

Warner Mendenhall, OH Bar No. 70165
(*Pro Hac Vice*)
MENDENHALL LAW GROUP
190 North Union Street, Suite 201
Akron, OH 44304
Tel: (330) 535-9160
Fax: (330) 762-9743
Email: warner@warnermendenhall.com

Attorneys for Claimant Jeffrey Mazik

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RONDA OSINEK,<br><br>    Plaintiff,<br><br>v.<br><br>KAISER PERMANENTE, et al.,<br><br>    Defendants<br>_____ | Case No. 3:13-cv-03891-EMC<br><br>**DECLARATION OF JEREMY L. FRIEDMAN IN SUPPORT OF MOTION FOR A SHARE OF SETTLEMENT PROCEEDS**<br><br>Date: April 2, 2026<br>Time: 1:30 pm<br>Courtroom: 5<br>Hon. Edward M. Chen |

(Caption continued on next page)

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA ex rel. GLORYANNE BRYANT and VICTORIA M. HERNANDEZ,<br><br>  Plaintiff,<br><br>v.<br><br>KAISER PERMANENTE, et al.,<br><br>  Defendants | Case No. 3:18-cv-01347-EMC |
| UNITED STATES OF AMERICA ex rel. JAMES M. TAYLOR,<br><br>  Plaintiff,<br><br>v.<br><br>KAISER PERMANENTE, et al.,<br><br>  Defendants | Case No. 3:21-cv-03894-EMC |

Jeremy L. Friedman declares and states:

1. I am one of the attorneys representing Jeffrey Mazik, claimant in this action, and relator in a related action pending in the Eastern District of California, United States ex rel. Mazik v. Kaiser Foundation Health Plan et al., Case No. Case No. 2:19-cv-00559-DAD. I make this declaration in support of Mr. Mazik's motion for a share of the settlement proceeds in this action. It is based on my own personal knowledge. If called as a witness hereto, I would and could testify competently to the following.

2. Attached as Exhibit A hereto is a true and accurate copy of the settlement agreement between the United States, Kaiser defendants and relators Osinek and Taylor in this consolidated action. I obtained a copy of this agreement from a link on the January 14, 2026, press release about the settlement of this case.

3. Attached as Exhibit B hereto is a true and accurate copy of the Department of Justice press release referenced above.

4. Attached as Exhibit C hereto is a true and accurate copy of Mr. Mazik's Second Amended Complaint, filed on March 26, 2024, Docket Item No. 107 in Mr. Mazik's action pending in the Eastern District.

5. Attached as Exhibit D hereto is a true and accurate copy of a 2013 internal report on Reimbursement Compliance from the Audit and Compliance Committee, noting extrapolatable audits and $11 billion in risk adjustment payments. This document was Ex. A in Mr. Mazik's second supplemental disclosure statement, which I sent to government attorneys on May 21, 2021.

6. Attached as Exhibit E hereto is a true and accurate copy of a document of results of the 2012 HCC audit probe using 2011 data showing 89% accuracy rate, with key issues identified by Kaiser's National Compliance, Ethics & Integrity Office. This document was Ex. B in Mr. Mazik's second supplemental disclosure statement, which I sent to government attorneys on May 21, 2021.

7. Attached as Exhibit F hereto is a true and accurate copy of a CMS Medicare Advantage Fraud Handbook, which at page 67, identifies data analytics tools as critical

fraud detection measures. This document was Ex. C in Mr. Mazik's second supplemental disclosure statement, which I sent to government attorneys on May 21, 2021.

8. Attached as Exhibit G hereto is a true and accurate copy of an April 2015 snapshot of Kaiser's claims metrics (900,000 Medicare claims, $2.0 billion paid, only 1% of paid claims audited, CSC and HCI recovering $0 on fraud and abuse flags. This document was Ex. D in Mr. Mazik's second supplemental disclosure statement, which I sent to government attorneys on May 21, 2021.

9. Attached as Exhibit H hereto is a true and accurate copy of McKesson ClaimsXten documentation comparing McKesson and Verisk functionality, including automated rules based on CMS Correct Coding Initiative for detection of invalid, inconsistent, and unsupported diagnoses codes. This document was Ex. E in Mr. Mazik's second supplemental disclosure statement, which I sent to government attorneys on May 21, 2021.

10. Attached as Exhibit I hereto is a true and accurate copy of Judge Drozd's February 13, 2024 Order allowing Mr. Mazik's federal False Claims Act claims to continue despite application of the first to file bar, as well as Rules 9(b) and 12(b)(6). This Order was attached to Mr. Mazik's notice of claim in this action, and was posted to the Eastern District docket in Mr. Mazik's case as Docket Item No. 104.

11. Mr. Mazik filed his original complaint on April 1, 2019. I was not counsel of record at the time, but I have reviewed the docket and associated pleadings. The files show that the complaint and disclosure statement were served on the government by Mr. Mazik's original counsel, experienced attorneys under the False Claims Act. On Febraury 25, 2021, after I appeared as one of Mr. Mazik's attorneys of record, I served the assistant US attorney in Sacramento with a confidential final draft of Mr. Mazik's Amended Complaint. I also filed an application with the Eastern District to file the amended complaint under seal, on March 31, 2021. After my co-counsel and I had discussions with the government's attorneys, we served two supplemental disclosure statements, on April 19, 2021, and on May 21, 2021. These were extensive written statements with supporting

Decl. of Counsel re Motion for Share of Settlement Proceeds – Page 2

1  documentation, including the exhibits described above. At that time, Neither Mr. Mazik
2  nor any of the attorneys were aware of any pending related actions against Kaiser under
3  the False Claims Act.

4    12. Through the filings and disclosures by Mr. Mazik and his attorneys, the
5  government learned of Mr. Mazik's allegations regarding Kaiser's RAF fraud scheme,
6  and the software tampering that allowed the fraud to exist undetected. These disclosures
7  went far beyond the complaint itself. He provided compelling documentary evidence,
8  including: internal presentations showing that use of data analytics tools was supposed to
9  be a key component in Kaiser's compliance risk-mitigation strategy; evidence that Kaiser
10 had at its disposal various data analytics-based fraud detection tools which, if used
11 properly, would have effectively identified the false or invalid diagnoses coding in
12 Kaiser's EHRs; evidence that Kaiser knowingly disabled critical features and
13 functionalities in those software applications; and Mr. Mazik's contemporaneous
14 handwritten notes and calculations from his September 2016 ARIS database analysis
15 revealing $209 million in Medicare Advantage overpayments.

16   13. In the supplemental disclosure statements I drafted, Mr. Mazik and his team of
17 lawyers set forth in detail the legal theories presented in his case, explaining the precise
18 mechanism of Kaiser's fraudulent scheme. This included Mr. Mazik's information
19 regarding the running a sham fraud compliance program over claims, effectively
20 disabling Kaiser's defenses that led to the submission of false data for its members' health
21 status and inflated RAFs. Counsel identified specific categories of documents the
22 government should seek through Civil Investigative Demands, including Kaiser's ARIS
23 database, FICO Insurance Fraud Manager data, McKesson claims review data, and
24 documentation of Kaiser's database architecture. Counsel suggested methodologies the
25 government could use to analyze data and determine whether false or improper claims
26 diagnosis code data caused Kaiser to receive higher per capita payments.

27   14. On December 1, 2021, the government filed a notice declining to intervene in
28 Mr. Mazik's amended complaint. In an order issued on December 2, 2021, the Eastern

1 | District of California, Hon. John A. Mendez, directed that Mr. Mazik's amended
2 | complaint be unsealed and served upon defendants.
3 |     I declare under penalty of perjury of the laws of the United States that the
4 | foregoing is true and accurate. Executed on the 25th of February, 2026.

/s/Jeremy L. Friedman
Jeremy L. Friedman