UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RONDA OSINEK,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PERMANENTE MEDICAL GROUP, INC, et al.,<br><br>　　　　　Defendants. | Case No.  13-cv-03891-EMC<br><br>**ORDER OVERRULING MAZIK'S OBJECTION TO STIPULATION**<br><br>Docket Nos. 468-69 |

Previously, the government, Relators Osinek and Taylor, and Kaiser entered into a settlement agreement in which Kaiser agreed to pay the United States $556 million.  The government and Relators, in turn, agreed that the United States would pay Osinek approximately $95.4 million (representing the "Relator Share").  Subsequently, a third party, Mazik, argued that he should also be given a share of the settlement.  The Court denied that motion, and Mazik has appealed.

Currently pending before the Court is a stipulation between the government and Relators. Following Mazik's appeal, the government and Relators reached an agreement that Osinek would be paid approximately $50.7 million of the Relator Share now and that the balance would be deposited with the Court.  If Mazik were not to prevail on his appeal, Relators would be entitled to the balance.  If Mazik were to prevail, Relators reserve the right to seek the balance of the Relator Share while the government reserves the right to seek to renegotiate the amount of the Share "given multiple relators' competing claims to the government's recovery."  Stip. ¶ 8.

In response to the stipulation, Mazik essentially filed an objection.  He argues that the full Relator Share should be paid now because he did not challenge that amount and sought to be paid

out of the government share only.  Mazik speculates that the government is trying to "pit[] the *Osinek* relators against [him], creating an unnecessary conflict where none exists."  Resp. at 3.

The Court overrules Mazik's objection.  He lacks standing to assert the interests of either Relator.  To the extent Mazik asks the Court to order the government and/or Relators to produce to him their agreement (and the recent amendment thereto) under which the government agreed to pay out the Relator Share, the request is also denied.  As the Court previously held, whether Mazik is entitled to a share of the settlement does not turn on what the government agreed to pay Relators.  *See* Docket No. 438 ("If the Court agrees with Mr. Mazik that he is entitled to a share, then those agreements may be relevant.  However, at this juncture, the question is whether Mr. Mazik is entitled to any share.  That issue depends on the scope of his claims and the scope of the U.S.'s claims as well as the other relators' claims.").

The Court shall forthwith approve the stipulation submitted by the government and Relators.

**IT IS SO ORDERED**.

Dated: May 12, 2026

_____
EDWARD M. CHEN
United States District Judge